## UNITED STATES v. METZGER.

(District Court, E. D. New York. November 26, 1920.)

1. **Intoxicating liquors** ⟪═⟫**246—Prohibition agents entitled to take possession of locked safe until it could be opened.**

Prohibition agents, holding a warrant to search for intoxicating liquors, were entitled to take a locked safe into their possession for a reasonable time until it could be opened, where defendant locked the safe and refused to open it.

2. **Criminal law** ⟪═⟫**100(3)—District Court may authorize filing of information, though proceedings commenced by commissioner.**

The District Court has power to permit an information for possessing intoxicating liquors for beverage purposes to be filed, though the proceeding was commenced by a commissioner.

3. **Intoxicating liquors** ⟪═⟫**246—National Prohibition Act does not restrict issuance of search warrant to property used in committing felony.**

The National Prohibition Act only refers to the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h) for the proceedings to be followed respecting the issuance of search warrants, and does not, by such reference, restrict the issuance of such a warrant to cases involving property used in committing a felony.

Criminal proceeding by the United States against Gustave Metzger. On application for permission to file an information. Application granted.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y.

Jenkins & Harwood, of New York City, for defendant.

GARVIN, District Judge. The government has applied for permission to file an information against one Gustave Metzger, claiming that on November 3, 1920, he unlawfully, willfully, and knowingly possessed for beverage purposes certain intoxicating liquor, with appropriate proof indicating a violation of the National Prohibition Law (41 Stat. 305).

On behalf of Metzger it is claimed, and conceded by the government, that under a search warrant authorizing and empowering a search of the cellar and store of the premises at 1727 Atlantic avenue, borough of Brooklyn, city of New York, a safe in said premises had been removed therefrom. Later the safe was returned; two bottles of whisky were found therein, as a result of which the government is now seeking to prosecute the defendant. The government stated on the argument, and it is not denied, that the prohibition agents who executed the warrant when they entered the premises saw Metzger lock the safe; that they demanded that he open it; that he refused. It is further stated on behalf of the government that the safe was returned the following day with no change in its condition, and that upon its return it was opened and found to contain whisky.

[1] The point involved is whether the government, having concededly a right to enter and search the premises, and being refused permission to search a locked safe therein contained, may take the safe into possession for a reasonable time till it can be forcibly opened. I think

⟪═⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this question must be answered in the affirmative. The power conferred by such a warrant to break and enter premises by force, if necessary, must carry with it power to take all reasonable measures which may be rendered necessary by resistance to ascertain what the actual contents of the premises may be. The act of the defendant in locking the safe and in refusing to open it upon demand might render a search warrant of no value. The officers of the government would be authorized to open the locked door of a closet in order to make a search; they were authorized to open by force, if necessary, this safe. Metzger should not be heard now to complain of the act of the officers in taking steps to prevent property of evidential value from being removed and the warrant rendered of no value.

[2, 3] Upon the argument it was understood by the court that only the foregoing question was involved. In the brief submitted in behalf of Metzger it is urged that, as the proceeding was instituted by a commissioner, the District Judge should not intervene. It is further urged that the search warrant was issued without probable cause, and that it was improperly issued, because under the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h)—under which a search warrant to enforce the National Prohibition Act must issue—there can be a search warrant issued to recover property only when it is used as a means of committing a felony.

I have considered the contentions, and I cannot agree with any of them. The District Court has power to permit an information to be filed. The allegations of the affidavits submitted to the commissioner fully justify the issuance of a search warrant, and in my opinion the reference in the National Prohibition Act to the Espionage Act only refers to the proceeding to be followed, and does not restrict the issuance of a search to cases involving property used in committing a felony. If that construction were adopted, no search warrant could be issued.

The court will direct an information to be filed as requested by the government.